1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   ANDREW M. SCOBLE (CABN 124940)
    Assistant United States Attorney
5        450 Golden Gate Ave., Box 36055
         San Francisco, California 94102
6        Telephone:  (415) 436-7249
         Fax: (415) 436-7234
7        E-Mail: andrew.scoble@usdoj.gov

8   Attorneys for Plaintiff

9

10                       UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13

14
    UNITED STATES OF AMERICA,          )    No. CR 11-0114-WHA
15                                      )
              Plaintiff,                )    [PROPOSED] DETENTION ORDER
16                                      )
         v.                             )
17                                      )
    DAVID JEFFERSON,                    )
18                                      )
              Defendant.                )
19   _____)

20

21       This matter came before the Court on March 14 and March 17, 2011 for a detention

22   hearing upon the motion of government counsel.  See 18 U.S.C. § 3142(f)(1)(E).  Defendant

23   David Jefferson was present with his counsel, Assistant Federal Public Defender Elizabeth Falk.

24   Assistant United States Attorney Andrew M. Scoble appeared for the government.  Both parties

25   proceeded by proffer.  Prior to the hearing the Court had reviewed the report of Pretrial Services.

26       Both sides were afforded an opportunity prior to the hearing to review the bail report of

27   Pretrial Services.  While the government argued for detention on grounds of both flight risk and

28   danger to the community, Pretrial Services recommended that the defendant be detained on the

DETENTION ORDER
CR 11-0114-WHA

ground of danger to the community.  The Court finds that the defendant does not pose a risk of flight.  However, the Court also finds that no condition or combination of conditions can reasonably assure the safety of the community.  This Order supplements the Court's findings announced from the bench and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted.  These factors are:

(1)  the nature and circumstances of the offense charged (including whether the offense involves, among other things, a firearm);

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, inter alia, character, employment, family, and criminal history, and whether the person was on probation or parole at the time of the current offense or arrest; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g)(1)-(4).

With regard to the first factor, the nature and circumstances of the offense charged, a federal grand jury has indicted the defendant for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  According to the government, on December 5, 2010, officers responding to reports of a fight on the Fourth Floor of San Francisco General Hospital, were alerted that the defendant had a gun.  They encountered him and seized from his person a semi-automatic pistol with an extended magazine, loaded with 14 rounds of ammunition.  This is a grave charge, involving a statutory maximum sentence of ten years' imprisonment.

Turning to the second factor – the weight of the evidence – this is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt. United States v. Gebro, 948 F.2d 1118, 1121-22 (9th Cir. 1991).  As noted above, the government proffers that the defendant was arrested on December 5, 2010 by sheriff's deputies at

DETENTION ORDER                2

San Francisco General Hospital after they responded to reports of a fight on a ward, were alerted
that the defendant had a firearm, detained him at gunpoint, and found a loaded semi-automatic
pistol in his waistband.  The government further proffers that, on or about December 8, 2010, a
San Francisco Police Department conducted a probation search of the home of the defendant's
girlfriend (a felon with a warrantless search condition); this was a residence the defendant
reportedly shared with his girlfriend and her minor daughter.  Officers found, hidden in the
broiler in the kitchen, a loaded Ruger .357-caliber handgun with an altered serial number.
Finally, the government proffered that the defendant's girlfriend later told police officers in a
Mirandized interview that she knew the defendant had a firearm..

Concerning the history and characteristics of the defendant, and the nature and
seriousness of the danger posed by the defendant's release, the government proffered that the
defendant's criminal history includes an ongoing series of arrests involving firearms and the
possession of drugs in circumstances suggesting drug sales.  The government proffered that:

–On or about October 3, 2004, the defendant was arrested driving a car whose right front
passenger (an individual who was also detained with the defendant when the defendant
was arrested for the instant offense on December 5, 2010 at San Francisco General
Hospital) had a loaded .45-caliber pistol on the floor at his feet, and whose rear passenger
was sitting by a paper bag containing a loaded .38-caliber revolver.  In the glove
compartment of the car, officers found a scale, cocaine and crack cocaine.

–On or about September 20, 2005, police officers executing a search warrant at the
residence shared by the defendant and his then-girlfriend, saw the defendant, apparently
warned that his girlfriend had been arrested, attempt to flee the residence.  He appeared to
be concealing a long object in his pants.  He fled into a nearby residence, then came out
of its garage and was apprehended as he tried again to flee officers.  A search of the
garage from which he had just come out revealed a loaded shotgun with a pistol grip,
along with a 9-mm Ruger handgun, and ammunition in various calibers (including 7.62-
mm, .357-caliber, and .38-caliber).  Execution of the search warrant resulted in the
seizure, from the bedroom shared by the defendant and his girlfriend, of MDMA, crack,

marijuana, a scale, packaging material, $1300 in a closet, and $1566 hidden in a water bottle.  On or about February 20, 2007, the defendant was convicted of a felony violation of California Health & Safety Code Section 11351 and sentenced to three years in state prison.

–On or about February 9, 2006, the defendant was arrested after a car stop.  The defendant was charged with possession of a concealed .380-caliber Bursa handgun with loaded with six rounds.  On or about February 20, 2007, the defendant was convicted of a felony charge of California Penal Code Section 12025 and sentenced to two years in state prison.

–On December 21, 2006, a San Francisco Police search warrant at the defendant's residence (the same residence as that searched on September 20, 2005) resulted in the seizure from the basement of two loaded assault rifles with high-capacity magazines. From the bedroom shared by the defendant and his girlfriend, officers seized .38-cal. Special ammunition and 12-gauge buckshot, plus scales and suspected MDMA.

–On September 13, 2010, following his release from prison on the two felony convictions noted above, the defendant was convicted of a misdemeanor charge of violating California Vehicle Code Section 23152 and sentenced to two days jail and three years' probation.

As is noted above, the Court finds that the defendant does not pose a risk of flight. However, the Court finds that the government has established by clear and convincing evidence that the defendant constitutes a danger to the community, and that no condition or combination of conditions will reasonably assure the safety of the community.  In making this finding, the Court notes the circumstances of the instant offense – the taking of a loaded firearm into a hospital. The Court also notes the series of events represented by the defendant's criminal history as reported by Pretrial Services and proffered by the government; these depict repeated firearm possession, both on the defendant's person and at the homes where he has resided.  Finally, the Court notes that the defendant was on probation at the time he was arrested for carrying a loaded weapon into San Francisco General Hospital.

DETENTION ORDER                    4

1    Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

2    (1)  The defendant be, and hereby is, committed to the custody of the Attorney General

3    for confinement in a corrections facility separate, to the extent practicable, from persons awaiting

4    or serving sentences or being held in custody pending appeal;

5    (2)  The defendant be afforded reasonable opportunity for private consultation with his

6    counsel; and

7    (3)  On order of a court of the United States or on request of an attorney for the

8    government, the person in charge of the corrections facility in which the defendant is confined

9    shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any

10   appearance in connection with a court proceeding.

11   IT IS SO ORDERED.

12

13   DATED:  3/31/11



14   HON.
     United States                          Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DETENTION ORDER                    5